WELCKE et al. v. TRAGESER et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. PLEADING (§ 364*)—STRIKING OUT MATTER—RELEVANCY OF ALLEGATIONS.
　　The complaint in an action by sisters against brothers to cancel a conveyance from their mother to a corporation, controlled and principally owned by defendants and their mother, on the ground of fraud, duress, and undue influence, alleged that the conveyance was part of an unlawful conspiracy between defendants to obtain the exclusive control of the corporation, and secure to the corporation valuable property in fraud of the rights which plaintiffs would secure under the will of their mother. *Held* that, though the relevancy of the allegations to the issue of fraud and duress was not apparent, they should not be stricken out, as their relevancy might be developed by the evidence.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

2. PLEADING (§ 364*)—STRIKING OUT MATTER—RELEVANCY OF ALLEGATIONS.
　　Allegations, in a complaint to cancel a deed from a mother to a corporation, that the property was dealt with after the transfer the same as before, that the mother was paid rent as before, and that the insurance remained in her name, which would tend to show that she did not understand the nature and effect of the conveyance, are relevant and material to the issues as to the fraudulent nature of the transaction or of duress, and should not be stricken out on motion.

　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. PLEADING (§ 364\*)—STRIKING OUT MATTER—ALLEGING MATTER OF EVIDENCE.**

Allegations in a complaint which merely set forth evidence may be stricken out on motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1159; Dec. Dig. § 364.\*]

**4. PLEADING (§ 364\*)—STRIKING OUT MATTER—RELEVANCY OF ALLEGATIONS.**

In a complaint to set aside a deed by plaintiffs' mother to a corporation on the ground of fraud and undue influence by plaintiffs' brothers, allegations as to the action of a legatee under the mother's will in surrendering stock of defendant corporation and taking a legacy in lieu thereof should be stricken out on motion, the legatee not being a party to the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.\*]

**5. PLEADING (§ 364\*)—MATERIALITY OF ALLEGATIONS—ANTICIPATING DEFENSE —STRIKING OUT MATTER.**

In an action to cancel a deed on the ground of fraud and undue influence, allegations of facts in anticipation of the defense of estoppel are not material to plaintiffs' cause of action, and may be stricken out on motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.\*]

**6. PLEADING (§ 365\*)—STRIKING OUT ALLEGATIONS—QUESTIONS PRESENTED BY MOTION.**

The question presented by a motion to strike out allegations of the complaint is whether the allegations are relevant to the cause of action attempted to be set forth, and not whether they may be relevant to an issue which may be presented by the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1168; Dec. Dig. § 365.\*]

**7. PLEADING (§ 364\*)—STRIKING OUT MATTER—RELEVANCY OF ALLEGATIONS.**

In an action to cancel a deed to defendant corporation from the mother of plaintiffs and the individual defendants, on the ground of fraud and duress, allegations that after procuring the deed in question the individual defendants induced their mother to transfer to them certain capital stock of defendant corporation is irrelevant to the issue, and may be stricken out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.\*]

**8. PLEADING (§ 364\*)—STRIKING OUT MATTER—RELEVANCY OF ALLEGATIONS.**

In an action to cancel a deed to defendant corporation from the mother of the individual defendants, in fraud of the rights of plaintiffs under the mother's will, allegations that, after procuring the deed and a quantity of stock of defendant corporation, the individual defendants transferred to plaintiffs the same proportion of such stock as plaintiffs would have received under their mother's will, and that they have not accepted such transfer, and are ready to surrender the same, are irrelevant to the issues, and may be stricken out.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1156; Dec. Dig. § 364.\*]

Appeal from Special Term, New York County.

Action by Adelheid Welcke, Augusta Werrick, and Emma Taylor against William C. Trageser, Albert F. Trageser, and the John Trageser Steam Copper Works. From an order denying their motion to strike out certain parts of the complaint as irrelevant and to have the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

complaint made more definite and certain, defendants appeal. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Robert K. Walton (John S. Parker, on the brief), for appellants.
Joseph H. Hayes, for respondents.

LAUGHLIN, J. The object of this action is to have a conveyance of certain premises described in the complaint, made by Augusta Trageser to the defendant corporation on the 17th day of May, 1906, declared fraudulent and void, and to compel a reconveyance of the same for the benefit of her estate to a trustee to be designated by the court, to hold in trust as provided in the twelfth paragraph of the will of said Augusta Trageser until it vests in fee simple absolute in the devisees therein named. The three plaintiffs and the two individual defendants are brothers and sisters. The grantor, whose conveyance is sought to be set aside, was their mother. She died on the 21st day of June, 1907, leaving a last will and testament bearing date the 26th day of May, 1903, and a codicil thereto executed on the 21st day of February, 1906. She named her sons, the defendants, her executors. The will and codicil were duly admitted to probate, and letters testamentary were duly issued to the individual defendants as executors. By the twelfth clause of her will, the decedent devised the premises in question to her executors in trust, to collect the rents, issues, and profits thereof, and to pay over the same to five of her children, the plaintiffs and the individual defendants in this action, until a grandson named in the will should attain the age of 21 years, at which time the trust was to terminate and the beneficiaries of the income were to take the remainder in equal shares, the executors being empowered, however, to sell and divide the property between the beneficiaries on the death of the grandson before attaining his majority or at an earlier date, if they deemed it for the best interests of the beneficiaries. The defendant corporation was founded in 1850 to take over a business established by the father of the individual parties to this litigation. The entire capital stock was issued to their father and mother and to the two sons, the defendants herein. At the time of the execution of the conveyance sought to be set aside in this action, all of the capital stock was owned by the mother and the two sons, and they together constituted the entire board of directors. Prior to that time, the company occupied part of the premises under a lease for which they paid decedent a monthly rental of $1,666.66. The plaintiffs allege that this conveyance was not the free, voluntary act of their mother, who was then 80 years of age, but was made against her will, in opposition to her intention to retain the property as a source of income for plaintiffs, to whom she had been accustomed to give part of the rentals; that it was not needed for the business of the company; that it rendered nugatory the devise and trust provided for in the twelfth paragraph of her will; that the individual defendants took advantage of the business relations and blood relationship existing between them and their mother, and dominated and controlled her, "and by over-

reaching, undue influence, coercion, and compulsion procured from their mother" the conveyance; that for. the purpose of concealing the transaction the company continued to pay rent to their mother, as before, and the insurance policies on the buildings which stood in her name were not changed, and that the individual defendants, in thus procuring the execution of the deed by their mother, were aware of the provisions of her will with respect to the premises.

The provisions of paragraph 13 of the complaint, to which the motion was directed, alleged that the conveyance was procured for no legitimate purpose, but was part and parcel of an unlawful conspiracy between the individual defendants to obtain the ultimate and exclusive control of the company, and to secure to the company valuable property in fraud of the rights of the plaintiffs, and for the purpose of depriving the plaintiffs of their rights as stockholders of the defendant company. It is not apparent that these allegations are relevant to the issue as to whether the conveyance was induced by fraud or duress; but since it may appear upon the trial that acts tending to show fraud or duress were committed by one only of the defendants, and his acts may have been in the execution of a conspiracy formed between him and his brother, it would be essential to charge the brother with his acts to allege, in substance, that they entered into a conspiracy to commit the acts, and, therefore in that view it cannot be said that these allegations are irrelevant, and they should be permitted to stand.

The allegations of the fourteenth paragraph, with the exception of the second sentence, are wholly irrelevant and should be stricken out. The second sentence alleges, in effect, that the property was dealt with after the transfer the same as before; that the mother was paid rent, as before, and that the insurance remained in her name, which would tend to show that she did not understand the nature and effect of the conveyance, and that the transfer of the property was concealed. These facts may have a material bearing on the fraudulent nature of the transaction or of duress. The other allegations of that paragraph, however, relate to the residence of the plaintiffs, and to the fact that they were not advised with respect to the transfer, and to the residence of the insurance broker, who represented the mother of the plaintiffs, and to the fact that, if he had been requested to note the change of interest, the plaintiffs would probably have become aware of the transfer. These allegations merely set forth evidence, and are not essential facts to be alleged.

The sixteenth paragraph is manifestly all irrelevant. It relates to the action of a legatee under the will of the mother of the plaintiffs with respect to electing to surrender 10 shares of the capital stock in the defendant company and take a legacy of $12,000. The legatee is not a party to the suit, and these facts have no bearing on the cause of action attempted to be alleged.

The seventeenth paragraph is not material to the plaintiffs' case. The plaintiffs therein allege facts in anticipation of a defense of estoppel. Inasmuch as no answer has been served, no such defense has yet been interposed, and, should it be interposed, the plaintiffs will be at liberty to prove the facts tending to show that they are not estopped from

maintaining the action, to rebut the defense without specially pleading it, since such a defense would not call for a reply. The question presented by the motion to strike out allegations of the complaint is whether the allegations are relevant to the cause of action attempted to be set forth, and not whether they may be relevant to an issue which may thereafter be presented by the answer. If these allegations are allowed to stand, the defendants will be required to join issue thereon, thus, perhaps, putting in issue facts which have a bearing only on a possible defense which may not be presented at all, and therefore they tend to confuse the issue.

The allegations of the nineteenth and twentieth paragraphs are not relevant to the issue. They charge that, after procuring the conveyance in question, the defendants likewise induced their mother to transfer to them certain shares of the capital stock of the defendant company. They do allege that this was pursuant to the conspiracy formed by the individual defendants to obtain a controlling interest in the management of the corporation to the detriment of the plaintiffs. If, after inducing their mother to transfer the land, the individual defendants induced her to transfer her stock in the corporation, even though both acts were pursuant to a preconcerted plan to obtain both her land and stock, it is not, I think, material to the issue of fraud or duress in inducing the conveyance of the land to show that the subsequent steps in the conspiracy relating to the stock were consummated. The making of the conspiracy may, as already observed, become material, but it is not material whether or not it was all executed. The fact that those parts of the conspiracy which were to be executed after the transfer of the land were not executed would be no evidence that the conspiracy was not formed, nor would proof that the acts were done tend to establish the original conspiracy. Further allegations in one of these paragraphs with respect to the transfer to the plaintiffs by the individual defendants of the same proportion of the shares of the stock procured from their mother by fraud or duress which the plaintiffs would have received under the will of their mother, and that they have not accepted such transfer of stock and stand ready to surrender and retransfer them, have no bearing on the issue presented. They, at most, tend to show that the defendants endeavored to induce the acceptance of those certificates by the plaintiffs, and thus hoped to estop the plaintiffs from contesting the assignment of the stock by their mother, but have not succeeded.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with the exception of the provisions of paragraph 13 and the second sentence in paragraph 14, which are allowed to stand. All concur.